DECISION OF DISMISSAL
Plaintiffs have appealed Defendant's omitted property assessment for tax years 2004-05 through 2009-10, inclusive. The assessment added the value of Plaintiffs' home, which was built in about 1998 and was omitted from the assessment and tax rolls from the time of construction until the date of the omitted property assessment in June 2010. The property is identified as Account 393537 (Map ID 2N1020AB00300).
Plaintiffs assert in Section 3 of their Complaint that they paid their taxes in full; the failure to assess the property was not their error; the county did not assess properly; and that they "paid what was requested on all tax years." (Ptfs' Compl at 1.) Plaintiffs requested that the court "dismiss all corrective action totaling [$]5,760.81 on stated property." (Id.)
Plaintiffs do not challenge Defendant's legal (i.e., statutory) authority to add the omitted property to the tax rolls. That authority lies in ORS 311.205 through ORS 311.235.[1] Nor do Plaintiffs challenge the value Defendant placed on the home for the years at issue.
The court held a hearing in the matter July 28, 2010. Plaintiff Rudolph W. Muller appeared on behalf of Plaintiffs. Defendant was represented by Gary Barker. Based on the information in Plaintiffs' Complaint and their statements during the July 28 teleconference, the court concludes that their appeal should be dismissed for lack of a justiciable controversy. *Page 2 
As a practical matter, while Plaintiffs at least alluded to fairness, fault, and equity, they had received annual property tax statements dating back to the late 1990's which included a value for land but not for an improvement. That should have put Plaintiffs on notice that their home was not being taxed. Plaintiffs could have contacted the assessor to ask about the lack of a value for their home.
Moreover, the omitted property assessment reaches only back to the 2004-05 tax year, with the result that Plaintiffs avoid property taxes for five or six years (from 1998 or 1999 through 2003). The omitted property assessment only goes back to tax year 2004-05 because ORS 311.216(1) limits the reach of the assessor's authority to add omitted property to "five years prior to the last certified roll."
While Plaintiffs are unhappy with the retroactive assessment of taxes, they have not challenged the assessor's legal authority to impose the tax or the value placed on their home for the years at issue. Accordingly, there is nothing for the court to resolve and the appeal must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed because there is no issue for the court to resolve.
Dated this ___ day of ________ 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon August 31, 2010. The Court filed and entered this documenton August 31, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.